IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARGARET J. LOWERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-1228-RP |
| | § | |
| X CORP., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant X Corp.'s ("Defendant") Motion to Dismiss Plaintiff's First

Amended Complaint, (Dkt. 19), and *pro se* Plaintiff Margaret J. Lowery's ("Plaintiff") Motion for

Reconsideration, (Dkt. 28). Having considered the parties' briefs and the relevant law, the Court will

grant Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and deny Plaintiff's

Motion for Reconsideration.

## I. BACKGROUND

Plaintiff alleges that, in November 2022, an unnamed third party opened "imposter

accounts" "in Plaintiff's name and [her] law firm's name" on X, Defendant's social media platform.

(1st Am. Compl., Dkt. 14, ¶¶ 25, 64). She also alleges an unnamed third party used these accounts to

make "malicious posts which have been attributed to Plaintiff" disparaging the Illinois Supreme

Court, among others. (*Id.* ¶¶ 47, 80, 85). According to Plaintiff, she reported the accounts to

Defendant, which investigated, "took . . . down," and "did not permit" the accounts on X. (*Id.* ¶¶ 42,

51, 58).

Plaintiff further alleges third parties filed "complaints" against her alleging that the

defamatory posts had in fact been created by Plaintiff, not imposters. (*Id.* ¶¶ 49–52, 87, 89). Plaintiff

alleges the third parties did not ask Defendant to preserve the alleged imposter's posts, as permitted

by Defendant's "rules and procedures for the preservation of evidence," that Defendant has no record of the posts, and therefore, the third parties should not be permitted to use evidence of the posts in their claims against her. (*Id.* ¶¶ 82, 96, 99, 104).

In addition, Plaintiff alleges that, on August 5, 2023, Elon Musk, Defendant's founder, posted on X: "If you were unfairly treated by your employer due to posting or liking something on this platform, we will fund your legal bill. No limit. Please let us know." (*Id.* ¶¶ 90, 97). Plaintiff alleges she "meets the preliminary conditions for assistance" and "accepted" the purported "offer . . . by filing a DJ Action in the Western District of Texas." (*Id.* ¶¶ 97, 101).

Plaintiff asserts three claims against Defendant: (1) "Identity Theft"; (2) violation of section 151 of the Communications Act, 47 U.S.C. § 151, and violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; and (3) "Breach of Contract/Consumer Fraud." (*Id.* ¶¶ 45–85). For relief, Plaintiff seeks: (a) a declaratory judgment that "[P]laintiff complained, X investigated, the accounts were removed as malicious and therefore as a matter of federal law, the accounts were not Plaintiff[']s, [and] the evidence from those accounts cannot be authenticated," (*id.* ¶¶ 72, 85, 106); and (2) a "permanent injunction barring any third party from making any malicious claim against the Plaintiff or Defendant about the[] posts" from the alleged imposter accounts, (*id.* ¶ 106).

On January 10, 2025, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. 19). Eighteen days later, on January 28, 2025, Plaintiff moved to extend her deadline to respond to the motion to dismiss. (Dkt. 22). In the motion, she argued that she had experienced an illness that "put her behind in her work." (Dkt. 22, at 1). Additionally, she indicated that the "US Attorney Nominee for Illinois wants to intervene" and "wants to remove the case to Illinois," but his confirmation hearing would be set for the following week. (*Id.*). Defendant argues that the motion was untimely because it was filed after Plaintiff's deadline to respond to the motion to dismiss, which had passed four days before Plaintiff filed her motion. (Dkt. 24, at 1). Finding no

good cause to grant the motion, the Court denied it on April 7, 2025. (Text Order, 4/7/2025).

Plaintiff filed a motion for reconsideration on the same day. (Dkt. 28).

## II. LEGAL STANDARDS

### A. Motion for Reconsideration

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up) (citing Fed. R. Civ. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

### B. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on

the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III. DISCUSSION

### A. Motion for Reconsideration

In her motion for reconsideration, Plaintiff offers a variety of reasons why the Court should grant her motion for extension of time. (Dkt. 28). The Court finds these arguments unpersuasive. First, Plaintiff explains that (1) she is litigating a case in the Eastern District of Oklahoma "where Defendants' actions, including a fabricated X account" "directly bear on this case's claims," "necessitating coordination"; (2) she has requested only minimal discovery from Defendant; and (3) a "U.S. Attorney nominee" allegedly "corroborates Defendants' retaliatory pattern across jurisdictions." (Dkt. 28, at 1). But these arguments do not explain her failure to request a time extension before the response deadline. At best, they are relevant only to whether the Court should dismiss Plaintiff's claims. Second, though she asserts that she "has been under temporary total disability since April 15, 2024," "limit[ing] her ability to respond without extension," this disability existed at the time Plaintiff filed her lawsuit, (*see id.* at 2), so that assertion also does not explain her failure to request an extension before the deadline. In sum, nothing in Plaintiff's motion persuades the Court to reach a different conclusion upon reconsideration of its prior Order. Plaintiff's additionally stated reasons do not alter the Court's finding that Plaintiff failed to establish good cause for an extension. Accordingly, the Court denies Plaintiff's motion for reconsideration.

**B. Motion to Dismiss**

The Court will dismiss Plaintiff's Fist Amended Complaint. First, Plaintiff fails to meet her burden of satisfying the "actual controversy" requirement for declaratory relief. "The Declaratory Judgment Act, 28 U.S.C. § 2201(a), requires an 'actual controversy' between the parties to the declaratory judgment action." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). When an "actual controversy" does not exist, "[t]he district court lacks subject matter jurisdiction to issue a declaratory judgment." *State of Tex. v. W. Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989) (quoting 28 U.S.C. § 2201(a)); *see also Vantage Trailers*, 567 F.3d at 748 ("Declaratory judgments cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts."). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Vantage Trailers*, 567 F.3d at 748 (affirming dismissal for lack of subject matter jurisdiction).

The First Amended Complaint does not demonstrate that Plaintiff and Defendant have "adverse legal interests" such that there exists an "actual controversy" between them. Plaintiff's dispute is not with Defendant. Rather, her dispute is with: (1) an unknown "third party" who allegedly created the "imposter accounts" in her name that made allegedly defamatory posts attributed to Plaintiff, (1st Am. Compl., Dkt. 14, ¶ 25); and (2) unnamed third parties who allegedly asserted "complaints" against her because of those posts attributed to her, (*id.* ¶¶ 62, 87, 89). In other words, Plaintiff's controversies with third parties fail to establish she has "adverse legal interests" to Defendant sufficient to merit the declaratory relief she seeks. *See Hellas Constr., Inc. v. Beynon Sports Surfaces, Inc.*, 2019 WL 4254307, at *4 (W.D. Tex. Sept. 6, 2019) ("[Plaintiff's] request for relief does not involve an actual controversy with [defendant], but rather with [a third party]. . . . Because [plaintiff] and [defendant] are not adverse parties, [plaintiff] has failed to state a plausible

claim for declaratory relief against [defendant]." (citing *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986))), *report and recommendation adopted*, 2019 WL 11553742 (W.D. Tex. Oct. 21, 2019).

Her allegations confirm she is not challenging any conduct by Defendant. Plaintiff alleges that Defendant "did not permit" the alleged imposter accounts attributed to her "to exist" on its platform. (1st Am. Compl., Dkt. 14, ¶¶ 50–51, 58). Moreover, Plaintiff appears to contend that her and Defendant's legal interests are aligned with respect to her request for declaratory relief. (*See, e.g., id.* ¶ 32 ("Again that is all plaintiff is seeking in a DJ order. Neither X Corp[.] nor Plaintiff should be forced to defend against third party claims when those third parties failed and refused to follow X procedures for the preservation of the evidence."); *id.* ¶ 44 ("Absent a Declaratory Judgment, Plaintiff and Defendant shall be subject to attack by these third parties.")). No "actual controversy" exists between Plaintiff and Defendant. This Court accordingly lacks subject matter jurisdiction to issue Plaintiff's requested declaratory relief. *See Val-Com Acquisitions Tr. v. SunTrust Mortg. Co.*, 434 F. App'x 391, 392 (5th Cir. July 27, 2011) (affirming dismissal of request for declaratory judgment where plaintiffs did not allege facts showing a dispute between the parties, and "any such dispute is, at this point, hypothetical or conjectural"); *Hellas Constr.*, 2019 WL 4254307, at *4 (explaining that no subject matter jurisdiction exists where the parties "do not have adverse legal interests in this case. In fact, [the parties] have the same legal interest in this case").

Second, Plaintiff fails to meet her burden of establishing a constitutionally required "case or controversy" for the injunctive relief she seeks. "Article III of the Constitution confines federal courts to the decision of 'cases' and 'controversies.'" *Shields v. Norton*, 289 F.3d 832, 834–35 (5th Cir. 2002). "[T]he 'case or controversy' requirement of Article III . . . is 'identical to the actual controversy requirement under the Declaratory Judgment Act.'" *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (quoting *W. Pub.*, 882 F.2d at 175); *accord Lawson v. Callahan*, 111 F.3d

403, 405 (5th Cir. 1997). For the same reasons Plaintiff cannot satisfy the "actual controversy" requirement for declaratory relief, this Court lacks subject matter jurisdiction to issue Plaintiff's requested injunctive relief. *See Orix Credit*, 212 F.3d at 896, 898 (ordering dismissal of declaratory relief complaint that also sought injunctive relief where there was no "actual controversy" as required under Declaratory Judgment Act); *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985) ("[Plaintiff's] claims for injunctive and declaratory relief must be disallowed for failure to present a sufficient 'case or controversy' under Article III.").

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. 19), is **GRANTED**. Plaintiff's First Amended Complaint, (Dkt. 14), is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration, (Dkt. 28), is **DENIED**.

The Court will enter final judgment by separate order.

**SIGNED** on April 30, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE